# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO BARAJAS,<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant | CASE NO. 1:13-CR-0026 AWI<br>(Civil Case No. 1:16-cv-0896 AWI)<br><br>ORDER ON PETITIONER'S PETIION AND ORDER GRANTING REQUEST BY THE FEDERAL DEFENDER'S OFFICE TO WITHDRAW<br><br>(Doc. No. 42) |

On September 8, 2014, Petitioner pled guilty to two offenses, 18 U.S.C. § 922(g)(5) (illegal alien in possession of a firearm) and 21 U.S.C. § 841(a)(1) (possession of methamphetamine with intent to distribute). See Doc. Nos. 30, 301. On November 17, 2014, Petitioner was sentenced to 87 months on both counts, with the sentences to run concurrently. See Doc. No. 37. Judgment and commitment were entered on November 20, 2016. See Doc. No. 38.

On June 20, 2016, Petitioner filed this § 2255 petition pro se. See No. 42. The § 2255 petition purports to seek relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). See id.

On July 6, 2016, pursuant to Eastern District of California General Order 563, which appointed the Federal Defender's Office "to represent any defendant who was previously determined to have been entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify for federal habeas relief under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in light of *Johnson*, see Eastern Dist. of Cal. Gen. Order 563 (October 14, 2015), the Court referred the matter to the Federal Defender's Office. See Doc. No. 43.

On August 19, 2016, the Federal Defender's Office filed a notice that it would not supplement the Petitioner's petition. See Doc. No. 44. Furthermore, the Federal Defender's Office requested to be allowed to withdraw from representing the Petitioner. See Doc. No. 44.

*Legal Framework*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under § 2255, a district court must grant a prompt hearing to a petitioner in order to determine the validity of the petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255(b).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.  United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1983).  A petitioner is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on merely conclusory statements.  Baumann, 692 F.2d at 571; United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).  Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

*Petitioner's Allegations*

Petitioner alleges that, in imposing the 87 months term of imprisonment, the Court added two point levels as an enhancement for possessing a firearm.  Petitioner alleges that there should be a sentence reduction in light of *Johnson*, and that he does not fit into the "categorical approach" and never presented a serious potential risk of physical injury to another.  Therefore, his crime does not qualify as a "violent offense" and the two point enhancement should be removed.

*Discussion*[1]

*Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)(1)), which imposed a minimum 15 year sentence for individuals who had three or

---

[1] The Court notes that, because Petitioner is attempting to obtain relief under *Johnson*, Petitioner's petition was timely filed.  See 28 U.S.C. § 2255(f)(3); United States v. Ossuna, 826 F.3d 1196, 1198 (9th Cir. 2016).

more prior convictions for a "violent felony," was unconstitutionally vague and violated due process. See Johnson, 135 S.Ct. at 2557-60. The "residual clause" defined "violent felony" to include a felony that "involves conduct that presents a serious potential physical risk of physical injury to another." See id. Here, the two point enhancement was not imposed under the ACCA. The two level enhancement was imposed under Sentencing Guideline § 2D1.1(b)(1). See Doc. No. 35. Sentencing Guideline § 2D1.1(b)(1) provides that if "a dangerous weapon (including a firearm) was possessed, increase by 2 levels." United States Sentencing Guideline § 2D1.1(b)(1) (2014 ed.). Petitioner fails to explain how § 2D1.1(b)(1) implicates *Johnson*. Petitioner pled guilty to possessing a firearm, so § 2D1.1(b)(1)'s application is clear. See Doc. No. 30. Because Petitioner has failed to show that *Johnson* applies or that he is otherwise entitled to relief under *Johnson*, the petition will be denied. See Rubino-Zamora v. United States, 2016 U.S. Dist. LEXIS 115362, *3-*5 (N.D. Tex. Aug. 29, 2016) (rejecting claim that *Johnson* invalidates a 2 level enhancement under Guideline § 2D1.1(b)(1) for possession of a firearm) (and cases cited therein); United States v. Johnson, 2016 U.S. Dist. LEXIS 64137, *7-*8 (D. Mont. May 16, 2016) (finding that *Johnson* had nothing to with the case when *inter alia* Guideline § 2D1.1(b)(1) was applied in calculating a sentence).

Additionally, because Petitioner has failed to demonstrate that *Johnson* has application to this case, the request by the Federal Defender's Office to withdraw as counsel will be granted.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's 28 U.S.C. § 2255 petition is DENIED;
2. The request to withdraw by the Federal Defender's Office is GRANTED and the Federal Defender's Office is RELIEVED from representing Petitioner; and
3. The Clerk shall send a copy of this order to Petitioner.

IT IS SO ORDERED.

Dated:   September 8, 2016                         _____
                                                    SENIOR DISTRICT JUDGE